Cooper v. Pellerin and another.

---

WILLIAM D. COOPER *v.* LOUIS APPOLLINAIRE PELLERIN and another.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MORPHY, J.   The petitioner brought suit to recover of the defendants, $4,467 33, on an open account, for his wages as superintendent of the defendants' cotton press yard, from June, 1841, to January, 1842, for eighty-seven tons of coal, and for other articles furnished to them, and for divers disbursements made for their account.   After denying their indebtedness, the defendants pleaded divers payments, and set-offs, amounting to

Cooper. v. Pellerin and another.

$630 22, for which they prayed to be credited, in case any part of the plaintiff's claims was allowed. The judge below reduced the plaintiff's demand to $1,787 99⅔, gave the defendants credit for $509 22, and rendered judgment in favor of the former, for $1278 77⅔. From this judgment the defendants appealed.

As the appellee has not prayed for an amendment of the judgment in his favor, it becomes unnecessary for us to examine any of his bills of exception to the rejection of testimony offered in support of such portions of his claims as were disallowed below. Of those items of the account which the judge considered as proved, the appellants dispute that for wages claimed by the plaintiff, as manager of their cotton press during seven months, at the rate of $200 per month. The testimony is somewhat contradictory with regard to the value and nature of the plaintiff's services. Some of the witnesses represent him as having been the manager or superintendent of the establishment, and value his services at $2,500 per annum; while others say, that he acted as a mere yard clerk, and that as such, his salary should be about $125 per month. Whatever name be given to the situation or employ, thus held by the plaintiff, it is shown that he was a man of great activity, skill and experience in the business; that he worked hard at the press; and that his services must have been very valuable to the defendants, in their new establishment, however censurable his conduct may have been in a transaction to which our attention has been called by the counsel. There being no contract between the parties, the judge allowed wages to the plaintiff at the rate of $2000 per annum. This allowance is, in our opinion, warranted by the evidence; but the judge should have given these wages only for six months, as the defendants appear to have purchased the property on the 9th of July, 1841, and the plaintiff left their employ on the 12th of January following. It is true the witnesses say that he began to work for Pellerin & Delassus, in June, 1841, but it is also shown that about that time he remained three or four weeks without working at the press. The appellants next opposed an item for 87 tons of coal belonging to the plaintiff, which was used by the press. They con-

tend that the plaintiff has not shown that he was the owner of this coal; that when they purchased the property, the coal was on the levée in front of the press; and that it was transferred to them with it, as one of its appurtenances. The evidence shows that the plaintiff had bought the coal some time before, had paid for it, and had a receipt for it in his own name. This, we think, establishes a sufficient *primâ facie* right of ownership in him. If he bought the coal for the account, and with the funds of the former proprietor of the place, as it is contended, it was easy for the defendants to have shown it, by examining the latter as a witness. As they have not done so, they are bound to pay for this coal, which it is shown they have used. The plaintiff claims for it $522, and one of his witnesses, who saw the receipt, says it cost him about $500. The same witness says, that about one-third of the lot had been used before the defendants bought the property. A deduction, therefore, of $174, should have been made, from the amount claimed. The only other item about which there is any dispute is one for $81 83, alleged to have been disbursed by the plaintiff for the account of the defendants. We think that this amount was improperly allowed. The only evidence adduced in support of it is a small account book of the plaintiff's with Priestley & Bein, from which it appears that, in May, 1841, he bought from the latter divers articles of hardware for which he has since settled. A witness testifies that Bein acknowledged the signature affixed to the receipt on the book, and that the same kinds of articles were brought to the press. Even if this evidence be considered as sufficient to show that the articles purchased were taken to the press and employed for its use, this was sometime before the purchase of the property by the defendants, and it cannot then be said that this money was disbursed for their account.

It is, therefore, ordered, that the judgment of the Parish Court be reversed, and that the plaintiff do recover from the defendants, *in solido*, eight hundred and fifty-six dollars and twenty-eight cents, with costs of suit below, those of this appeal to be borne by the plaintiff and appellee.

*Dufour*, for the plaintiff.

*Bodin*, for the appellants.